MARIA DODD *vs.* HENRY N. ADAMS.

Berkshire. Sept. 10. — Oct. 21, 1878. AMES & SOULE, JJ., absent.

If a husband conveys land to his wife with a design to hinder, delay and defraud his creditors, and the wife participates in such design, the hay cut on the land is liable to be taken on execution to satisfy the debt of a creditor of the husband, contracted subsequently to the conveyance.

TORT for the conversion of eight tons of hay. The defendant, a deputy sheriff, justified by reason of the taking of the hay, as the property of Thomas Dodd, the plaintiff's husband, on a writ of execution issued by a district court in favor of one Church. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, the material parts of which appear in the opinion.

*J. Branning*, for the plaintiff.

*J. Dewey*, for the defendant.

LORD, J. In this case the plaintiff's counsel requested the court to instruct the jury that " although the jury should find that the conveyance of the real estate by the husband for a valuable consideration, through the intervention of a third person to his wife, the plaintiff, it would not render the hay, cut on such real estate by the plaintiff, and put into her barn, liable to attachment and sale on execution by a subsequent creditor of her husband." The defendant's counsel makes the point that " the instruction asked by the plaintiff, by mistake or otherwise, is not intelligible, and for this reason, if for no other, was properly refused." We think, however, that such criticism of the language of the prayer should not be sustained. The intention of the party is quite apparent. He has used the word " although " instead of " if," and has omitted the verb " was " before the preposition " for." These changes being made, the request would read, " that if the jury should find that the conveyance of the real estate by the husband was for a valuable consideration, through the intervention of a third person, to his wife, the plaintiff, it would not render the hay, cut on said real estate by the plaintiff, and put into her barn, liable to attachment and sale on execution by a subsequent creditor of her husband." And this we do not doubt was the request intended, and understood to be made at the time.

It was, however, properly refused; for it omits an element which the Chief Justice of the Superior Court deemed proper, and which we have no doubt was a legal and necessary qualification of the prayer. That qualification the Chief Justice rightly gave in this language : " If the jury should find from the evidence that said Thomas Dodd made said conveyance to his wife, the plaintiff, with a design to hinder, delay and defraud his creditors, and his wife participated in that design, then she could not hold hay, cut from said thirty acres, against subsequent creditors of her husband, and the same was liable to be taken to satisfy the execution of said Church, in the hands of the defendant." The ruling requested, thus modified, was given, and was in all respects accurate, and in conformity with the many and uniform decisions of this court. *Exceptions overruled.*