ELIZABETH T. FOSTER *vs.* JAMES FOSTER.

Suffolk. Nov. 15, 16, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent.

A husband may be lawfully arrested on an execution issued upon a decree for alimony ; and, upon his application to take the oath for the relief of poor debtors, charges of fraud may be filed against him by his wife.

If a husband, who has paid the whole amount of alimony awarded to his wife in a decree of divorce, is arrested on an execution issued upon a decree for additional alimony, and, upon his application to take the oath for the relief of poor debtors, charges of fraud are filed against him, acts relied on to support the charges, the latest of which is done three months before the petition for additional alimony was filed, are not done "since the cause of action accrued," within the meaning of the Gen. Sts. *c.* 124, § 5, *cl.* 2.

APPEAL by a creditor from the findings of a magistrate upon charges of fraud filed against a debtor under the Gen. Sts. *c.* 124, upon his application to take the oath for the relief of poor debtors. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions in substance as follows:

On August 13, 1874, the plaintiff filed a libel for divorce against the defendant, her husband; and on December 26, 1874, she obtained a decree of divorce from the bond of matrimony, for gross and confirmed habits of intoxication of the defendant, was given the custody of their minor child, and was awarded the sum of $800 alimony, in gross, which was paid. At this time, the defendant was, and had been for about ten years, receiving the rents and income, amounting to about $3300, of certain real estate, left by his father in trust for him, the trustees being the defendant's brother, David W. Foster, and James Wyman. On March 6, 1875, the defendant executed a mortgage of his furniture, piano, horse, carriages and harnesses to Wyman; and on January 25, 1876, he executed a bill of sale of the same property to Wyman. On December 2, 1875, he without consideration cancelled on the records of the Suffolk Registry of Deeds an annuity contract, dated February 7, 1870, between himself and David W. Foster, by which the latter agreed to pay him during his life $300 annually, in consideration that he would remain satisfied with the provisions of his father's will, and on the same day he burned the original agreement. The defendant

contended that, in the above transactions, there was no fraudulent intent on his part.

On April 25, 1876, the plaintiff petitioned for additional alimony; and, in May 1876, it was decreed that the defendant should thereafter pay the plaintiff $300 annually, in quarterly payments of $75 each, until further order of court, the first payment to be made June 1, 1876. The first three instalments were paid, and, on March 20, 1879, execution issued for the five instalments due and unpaid up to March 1, 1878, which was returned in no part satisfied. An alias execution issued on May 27, 1879, upon which the defendant was arrested, and he applied to a magistrate for leave to take the oath for the relief of poor debtors. Pending the examination, the plaintiff filed charges of fraud against the defendant, upon which the magistrate found him not guilty.

The judge ruled that, as the charges alleged that the acts therein set forth were committed " since the cause of action accrued," and the evidence showed that all the acts were committed before the decree for additional alimony. was ordered, the acts were not committed since the cause of action accrued, as alleged; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*F. A. Perry,* for the plaintiff.

*E. S. Mansfield,* for the defendant.

GRAY, C. J. The defendant was lawfully arrested on the execution issued for alimony. He had no right to be discharged from imprisonment, except in the same manner, and subject to the same provisions of law, as a person arrested on execution for debt or damages in a civil action; and, by applying to a magistrate to take the poor debtor's oath, he assumed the risk of meeting charges of fraud filed by the creditor. Gen. Sts. c. 124, § 23. St. 1873, c. 352, § 3. *Chase* v. *Ingalls,* 97 Mass. 524, 530. *Chase* v. *Chase,* 105 Mass. 385, 388. *Stockwell* v. *Silloway,* 100 Mass. 287.

But the defendant, having paid the whole amount of the alimony awarded in the original decree of divorce, was under no liability to pay additional alimony, unless and until, in the judgment of the court upon a new petition, the circumstances of the parties and the benefit of the children required the allowance

of such alimony; and the question whether he ought to pay additional alimony depended upon all the facts of the case up to the time of filing such petition. Gen. Sts. *c.* 107, §§ 47, 48. *Graves* v. *Graves*, 108 Mass. 314. The cause of action for the additional alimony cannot therefore be held to have accrued before that time; and whether it accrued before such alimony was awarded by the court need not be decided, inasmuch as the latest of the acts relied on to support the charges of fraud was done three months before the petition was filed.

The question whether these acts were done "since the cause of action accrued," within the meaning of the Gen. Sts. *c.* 124, § 5, is a wholly different question from that considered in *Livermore* v. *Boutelle*, 11 Gray, 217, which was whether a conveyance by a husband, after committing adultery and before the filing of the libel for divorce, with the intent of preventing his wife from recovering any alimony, was within the meaning of the St. of 13 Eliz. *c.* 5, avoiding conveyances made with intent to " delay, hinder or defraud creditors and others of their just and lawful actions," &c.                    *Exceptions overruled.*