CHARLES H. NORTH & another *vs.* CARRIE S. DEARBORN.

Middlesex. November 9, 1887. — January 7, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Sale on Execution.*

If a mortgagor by one deed mortgages two parcels of land, and subsequently conveys his equity of redemption in each parcel to a different grantee, he so far severs his interest in the different parcels by these conveyances that it is no ground of objection that his interest in each parcel is levied upon and sold separately on an execution against him.

WRIT OF ENTRY to recover two parcels of land in Woburn. Plea, *nul disseisin.* Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, which appears in the opinion.

*L. R. Wentworth,* for the demandants.

*T. F. Maguire,* for the tenant.

FIELD, J. It appears that the first parcel described in the writ was conveyed by one Thompson to Charles T. Dearborn, the husband of Carrie S. Dearborn, the tenant in this action, by deed recorded on April 7, 1884, and that the second parcel was conveyed by said Thompson to said Charles T. Dearborn by

deed recorded on November 11, 1881. The wife and her husband mortgaged the second parcel (which in some manner had been conveyed to the wife) to the Woburn Five Cents Savings Bank, by deed recorded on December 18, 1884, and they mortgaged both parcels to said bank by deed recorded on April 30, 1885. When this last mortgage was given, the title to the equity in the second parcel remained in the wife, and the title to the equity in the first parcel remained in the husband.

These demandants brought suit against the husband on July 27, 1885, and attached his interest in all this real estate, making a special attachment of his interest in the first parcel, the record title to which then stood in the name of Benjamin F. Fish, and they obtained judgment in the suit, and execution issued, and was levied upon the equity of redemption in the first parcel, as it stood at the time of the attachment, and upon the equity of redemption in the second parcel, the record title to which still stood in the name of the wife; and the officer sold by public auction, under this levy, separately, the equity of redemption in the two parcels to the demandants, who paid the price bid for each, and received deeds of both, which were duly recorded. Thereupon they brought this action against the wife.

The objection of the tenant is, that, " it appearing that both parcels demanded were included in said mortgage, recorded April 30, 1885, the officer should have sold both parcels for one bid to one person, and for one sum; that, as they were sold separately, the sale was void." The court sustained this objection, and directed a verdict for the tenant.

The demandants' claim necessarily is, that the conveyance to the wife of the second parcel is void as to them, and that the equity in this parcel was liable to be taken on execution by the judgment creditors of her husband. A similar claim must be made as to the first parcel, although it does not appear that Fish has conveyed this to the wife, or what claim, if any, she makes to it, except that both parcels are demanded in the writ, and she has pleaded *nul disseisin* as to both.

When a mortgagor retains the equity of redemption in all the parcels of land included in an existing mortgage, or when by one conveyance he has conveyed this equity to another person, who remains the assignee of the whole interest of the mortgagor

in all the parcels subject to the mortgage, this equity must be levied upon and sold as one single and entire *res*, and separate sales of the right to redeem each parcel are void. *Webster* v. *Foster*, 15 Gray, 31. *Cochran* v. *Goodell*, 131 Mass. 464. *Plimpton* v. *Goodell*, 143 Mass. 365, 367.

When, however, the mortgagor has conveyed his equity in some of the parcels, but retains it in others, all of which are included in one mortgage, the levy of an execution issued upon a judgment against him must be upon only his right to redeem the parcels of land of which he retains the equity, if his conveyances are recognized as valid by the judgment creditor. If the mortgagor has conveyed his equity in all the different parcels to different grantees, by several conveyances, some or all of which are, or are claimed to be, voidable by his creditors, the levy of an execution against him may be made by a sale separately of the equities in the different parcels which have been conveyed to the different grantees. The mortgagee is not injured by this, as the mortgage debt must be fully paid before he can be compelled to release any parcel from the mortgage. The mortgagor is not aggrieved, because he has severed his interest in the equity of the different parcels by his conveyances. The purchasers at the sale on execution must bring separate suits against the different persons who hold the record titles to recover possession, and it may happen that some of the titles will prove to be good, and some void, as against creditors of the grantor, and this may render separate sales desirable. *Mansfield* v. *Dyer*, 133 Mass. 374.

We need not decide whether, in the last case supposed, there must be separate sales, or consider what rule, if any, there should be of contribution toward the payment of the mortgage debt, or of exoneration therefrom between the purchasers of the equities in the different parcels.

In the present case, the second parcel was conveyed to the wife before the execution of either of the mortgages. The equity in the first parcel was conveyed to Fish, after the execution of the second mortgage. Both these conveyances must have come mediately or immediately from the husband. The tenant's plea put the demandants' title to each parcel in issue, and the demandants might recover one parcel, and not the other.

We are of opinion that the husband had so far severed his interest in the parcels, that the equities could be levied upon, and sold separately, under an execution issued against him.

*Exceptions sustained.*