### JESSIE A. BAILEY *vs.* THEODORE S. BAILEY.

Suffolk. March 19, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Arrest on an Execution for· Arrears of Alimony.*

An arrest of the person on an execution issued for arrears of alimony is lawful, although no affidavit and no certificate of a court or magistrate authorizing an arrest are annexed to the execution.

CONTRACT, by a wife against her husband, to recover alimony decreed to her by the Superior Court, after she had been granted a divorce *nisi.*

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*H. P. Fellows,* for the defendant.

*S. L. Whipple & R. W. Frost,* for the plaintiff.

FIELD, C. J. The single question of law in this case is whether an execution in common form, issued for arrears of alimony in a cause of divorce, can be served by an arrest of the person without an affidavit and certificate annexed to the execution, such

as are required by Pub. Sts. c. 162, §§ 17 *et seq.*, and by the acts in amendment thereof, particularly St. 1888, c. 419, § 1.

Under Gen. Sts. c. 124, § 5, neither affidavit nor certificate was necessary to authorize an arrest on such an execution. *Chase* v. *Ingalls*, 97 Mass. 524, 530. *Foster* v. *Foster*, 130 Mass. 189.

The argument is, that, by the omission in Pub. Sts. c. 162, § 17, and in St. 1888, c. 419, § 1, of the words " for debt or damages," found in the Gen. Sts. c. 124, § 5, the law on this subject has been changed. The Public Statutes were intended to be a consolidation of the statutes in force at the time they were passed. If the language of the Public Statutes is clear, and admits of but one interpretation, it must be followed, although the interpretation may be different from that given to the statutes theretofore in force. But if the language of the Public Statutes is ambiguous or doubtful, regard must be had to the meaning of the statutes intended to be incorporated in the Public Statutes. *Bent* v. *Hubbardston*, 138 Mass. 99. *Pratt* v. *Street Commissioners*, 139 Mass. 559. St. 1888, c. 419, § 1, follows in all respects material to the present case the language of Pub. Sts. c. 162, § 17, and the contention is that it clearly appears from the language of these statutes that the Legislature intended to put executions in common form issued in all civil actions upon the same footing, except as expressly provided in these statutes, and that a cause of divorce is a civil action.

In *Lucas* v. *Lucas*, 3 Gray, 136, it was decided that Rev. Sts. c. 99, §§ 1 *et seq.*, did not authorize this court to grant a writ of review in a cause of divorce, because a petition for divorce was not a civil action within the meaning of said first section. The court say: " It may be that the term ' civil action,' in some respects, and to some purposes, may, without violence to the language, be held to include proceedings for divorce; and yet all laws respecting civil actions may not so apply as to include those proceedings. This results necessarily from the uncertainty and ambiguity of language. The fact that there has been no practice of allowing the review of decrees of divorce, and that this is a novel, if not an unprecedented, proceeding, is strong evidence of what the general understanding of the law upon this subject has been; but this, of course, is not conclusive."

A decree for alimony rendered in this Commonwealth in a cause of divorce is not in all respects like a judgment in an action at law. It cannot be sued on in a court of this Commonwealth other than that in which it was rendered. *Allen* v. *Allen*, 100 Mass. 373. The history and nature of proceedings in divorce in this Commonwealth are well known, and are stated in some of the cases we have cited. The procedure had very little resemblance to that in civil actions at law. While the proceedings are civil in their nature as distinguished from criminal, they are ecclesiastical in their origin. By statute, the court having jurisdiction in divorce may enforce its decrees for alimony by issuing an execution in common form, as well as by an attachment for contempt or other proceedings. See *Burrows* v. *Purple*, 107 Mass. 428. At the time of the passage of the Public Statutes the law was regarded as settled, that an arrest could be made on an execution issued upon a decree for alimony without an affidavit and certificate authorizing the arrest. The words "for debt or damages" were probably inserted in Gen. Sts. c. 124, § 5, because no affidavit was required to authorize an arrest upon an execution issued for costs only. Gen. Sts. c. 124, § 6. They were, however, unnecessary words, and we are of opinion that for that reason they were omitted in the Public Statutes, and that St. 1888, c. 419, § 1, in this respect merely followed the Public Statutes. When there is a long continued and well established practice in legal proceedings under statutes, it would seem that, if the Legislature intended to change it, they would do it by clear and apt words, and we can discover no such intention in the statutes relevant to the present case.

*Judgment affirmed.*