FAUSTINA F. SHEPHERD *vs.* OBED C. SHEPHERD.

SAME *vs.* SAME.

Middlesex. March 25, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Husband and Wife. Fraud. Separate Support.*

At the hearing on a petition by a wife against her husband under R. L. c. 153, § 33, for separate support, it appeared that more than two years before the petition was filed the respondent had made a voluntary conveyance to trustees of all his property to hold during his life, paying him such sums out of the net income as they should deem necessary and desirable, and after his decease to transfer the trust estate to such persons as he should direct by will, or, if he made no will, to his heirs or representatives. At the time this deed was made the respondent and his wife were living apart, after having separated a number of times, although the final separation had not occurred. The respondent testified that he had had difficulty with his wife and had " posted " her, that he thought he was spending too much money, that he would not deny having said to various people that he made the deed to avoid liability for his wife's debts, and it might have been found from his testimony that when he executed the deed he understood that he could get the property back whenever he desired. One of the trustees testified in substance that he knew that the respondent was having trouble with his wife and that he did not remember any other reason being given for the respondent's putting his property out of his hands. Nothing appeared to indicate any other reason and it might have been found that there was none other. There also was evidence of the amount of net income realized and of the dealings with the trust property. *Held,* that the judge who heard the case and saw all the witnesses was warranted in finding that the deed was given by the respondent " for the sole purpose of preventing, hindering or delaying his wife in any application she might make for separate support."

At the hearing on a petition by a wife against her husband under R. L. c. 153, § 33, for separate support, it appeared that more than two years before the petition was filed the respondent had made a voluntary conveyance to trustees of all his property to hold during his life, paying him such sums out of the net income as they should deem necessary and desirable, and after his decease to transfer the trust estate to such persons as he should direct by will, or, if he made no will, to his heirs or representatives. The judge who heard the case found, on evidence which warranted such a finding, that the conveyance was made by the respondent " for the sole purpose of preventing, hindering or delaying his wife in any application she might make for separate support." *Held,* that the wife, by obtaining a decree for separate support, became a creditor and acquired the right to avoid the voluntary conveyance which previously had been made by her husband for the fraudulent purpose of preventing her from obtaining satisfaction of such a decree.

SHELDON, J.  The parties to these cases are husband and wife.  Each one of them appealed to the Superior Court from a decree made by the Probate Court upon a petition filed by the wife under R. L. c. 153, § 33.*  At the hearing in the Superior Court it appeared among other things that in May, 1902, a considerable time before the petition was filed in the Probate Court, the respondent had made a voluntary settlement or conveyance of substantially all his property, both real and personal, to trustees, upon trusts which were in substance that they should pay to him during his life such sums out of the net income as they should deem necessary and desirable, with power to sell with his consent any part of the real estate, and either hold the proceeds of any such sale as a part of the trust fund or to pay them over to him, in whole or in part, and after his decease to transfer the trust estate to such persons as he should direct by will; or, if he made no will, to his own heirs or representatives. The case comes before us upon exceptions alleged by the respondent to the refusal of the judge † to give certain rulings asked for by him as to the validity and effect of this trust deed.  The judge found that this deed was given by the respondent " for the sole purpose of preventing, hindering or delaying his wife in any application she might make for separate support," and that his trustees understood this; but that there was no agreement that he should receive the property back on demand.  The respondent contends that there was no sufficient evidence to warrant the first part of the finding; and this presents the first question raised by the exceptions.

This was a wholly voluntary conveyance.  It is true that this fact alone would not be sufficient to show an actual fraudulent intent.  *Winchester* v. *Charter*, 12 Allen, 606.  *Clark* v. *Mc-Mahon*, 170 Mass. 91.  The settlement, however, was not made upon any such meritorious consideration as was found in those cases, but solely for the benefit of the respondent and his heirs or devisees.  It is true also that he had a right, if there was no intention to defraud creditors, to create a voluntary trust for the purpose of guarding against his own improvidence or feebleness against importunity, as in *Crawford* v. *Langmaid*, 171 Mass.

* The second petition was for an additional allowance.

† *Lawton*, J.

309, *Keyes* v. *Carleton*, 141 Mass. 45. But this deed, though
made more than two years before the filing of the petition
against him and before he and his wife had finally separated,
was yet made after he had left her on one occasion and while
they were living apart, and after they had separated for a num-
ber of times. He testified that he had had difficulty with her,
and had " posted " her; that he thought he was spending too
much money; that he did not remember, but would not deny,
having said to various people that he made the deed to avoid
liability for his wife's debts. It might be found from his testi-
mony that when he executed the trust deed he understood that
he could get the property back whenever he desired. One of
the trustees testified in substance that he knew that the respond-
ent was having trouble with his wife, and that he did not re-
member any other reason being given for the respondent's
putting his property out of his hands. Nothing appears to in-
dicate any other reason. The judge well might find that there
was no other reason. He saw all the witnesses; he could deter-
mine their honesty; he saw how far their answers were intended
to be evasive or misleading, and what inferences should be drawn
from their bearing and manner of testifying. There was also
evidence of the amount of the net income that had been realized,
how the trust property had been dealt with, what sales of prop-
erty had been made, and what amounts had been paid by the
trustees to the respondent. We cannot say that on the evidence
the finding which the judge made was unwarranted. *Brownell*
v. *Briggs*, 173 Mass. 529. *Smith* v. *Whitman*, 6 Allen, 562.
*Cheney* v. *Gleason*, 125 Mass. 166.

It is a more difficult question whether the petitioner can in
any way avail herself of the fact that this trust deed was made
for the purpose of hindering or delaying her in any application
she might make against him for separate support. She was not
a creditor of his when he made the deed; she had not only ob-
tained no decree against him, but she had no proceeding of any
kind then pending against him, and so far as appears no present
intention of instituting any such proceeding. She had none of
the rights of a creditor. It was held in *Willard* v. *Briggs*, 161
Mass. 58, that until it has been decided by the Probate Court
in a case like this that a wife is living apart from her husband

for justifiable cause and is entitled to be supported by him, and a decree has been entered in her behalf for a definite sum of money, there is no debt due to her from her husband, and she cannot as a creditor maintain proceedings even in equity against him.

Nor can this petitioner derive any benefit from *Gilson* v. *Hutchinson*, 120 Mass. 27, or from *Brownell* v. *Briggs*, 173 Mass. 529, in which a widow was allowed to avoid a voluntary deed made by her husband with the intent to deprive her of her statutory share in his estate. Not only has that decision been much limited by the subsequent cases of *Kelley* v. *Snow*, 185 Mass. 288, and *Leonard* v. *Leonard*, 181 Mass. 458 ; but its doctrine could have no application for her benefit until after the decease of her husband. It could have no bearing in the present case.

It was held, however, in *Livermore* v. *Boutelle*, 11 Gray, 217, that a wife who has obtained a divorce and a decree for alimony against her husband may, for the satisfaction of her decree, avoid a conveyance of real estate made by him after he had committed adultery, though before she had filed her libel, if it was made to prevent her from recovering such alimony as might afterwards be decreed to her, both because she was within the words of St. 13 Eliz. c. 5, and because she acquired the rights of a creditor when she obtained her decree, and the conveyance, being fraudulently intended, was of no effect against subsequent as well as against existing creditors. *Parkman* v. *Welch*, 19 Pick. 231. *Woodbury* v. *Sparrell Print*, 187 Mass. 426. So in *Chase* v. *Chase*, 105 Mass. 385, it was held that a woman who had obtained a divorce, though only from bed and board, and a decree for alimony against her husband, was entitled as a creditor to avoid a conveyance made by him with intent to defraud her. And see *Purdon* v. *Blinn*, 192 Mass. 387 ; *Foster* v. *Foster*, 130 Mass. 189 ; *Bailey* v. *Bailey*, 166 Mass. 226. *Leyland* v. *Leyland*, 186 Mass. 420, 422. The doctrine of *Livermore* v. *Boutelle*, *ubi supra*, was also declared in a very well reasoned case in New Hampshire. *Morrison* v. *Morrison*, 49 N. H. 69. In that case also a wife was allowed, after obtaining a decree for alimony, to avoid a precedent conveyance made by her husband to hinder her from enforcing whatever decree she might obtain.

In our opinion, the principle of these decisions is decisive of the case at bar. When the petitioner obtains a final decree for

the payment of money to her by her husband, she acquires the right of a creditor to levy upon his property for the satisfaction of her decree ; and this gives her the right to avoid a precedent conveyance made by him for the fraudulent purpose of preventing her from obtaining such satisfaction.   She has the rights of a subsequent creditor ; and it is of no consequence that she was not such a creditor and had not the rights of a creditor when he made the fraudulent conveyance.   Accordingly, as such a conveyance is inefficacious against her rights, it properly may be disregarded in fixing the amount which her husband is to be ordered to pay to her.

It is not necessary to consider the exceptions in detail.   What we have said disposes of all the contentions that were made by the respondent.

*Exceptions overruled.*

The case was submitted on briefs.

*G. L. Mayberry*, for the respondent.

*S. J. Elder, E. A. Whitman & J. T. Pugh*, for the petitioner.