HUGH L. MORGAN *vs.* JOHN W. STEELE, trustee, & another.

Suffolk.    May 16, 1922. — June 29, 1922.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice,* Decree, Review, Appeal.    *Jurisdiction.*

After the entry of a final decree in a suit in equity in the Superior Court, that court,
except on a bill of review, no longer has jurisdiction to entertain a motion that
the suit be reopened and reviewed because at the hearing important witnesses
for the defendant unavoidably were absent.

Whether a case when reached for trial shall be heard or shall be continued for
hearing at a later time, rests in sound judicial discretion.

After a hearing, finding of facts and the entering of a final decree for the plain-
tiff in a suit in equity in the Superior Court, the defendant moved that the
suit be reopened and reviewed because of the alleged unavoidable absence at the
trial of material witnesses for the defence.    The judge, without passing upon
the legal questions presented but assuming them all in favor of the defendants,
heard and denied the motion on its merits on the ground that nothing ap-
peared which would have changed the conclusions reached in the findings of
fact.    Upon an appeal from the denial of the motion, it was *held,* that no
error of law was shown.

BILL IN EQUITY, filed in the Superior Court on September 21,
1921, to enjoin the foreclosure of a mortgage of an automobile
and for the rescission of the mortgage note and mortgage on the
ground of fraud.

In the Superior Court, the suit was heard by *Sanderson,* J.,
who filed a memorandum of his findings and by whose order a
decree for the plaintiff was entered.    The defendant John W.
Steele appealed from the decree on November 14, 1921.    On
December 8, 1921, upon motion by the plaintiff, an order was
issued directing that the appeal be entered in this court on or
before December 22, 1921.    On December 16, 1921, the defend-
ant filed a motion that the "case may be reopened and reviewed"
because of the alleged unavoidable absence of material witnesses
for the defence at the time of the hearing.    The motion was heard
by *Sanderson,* J., who made the following order: "Without pass-
ing upon the defendant's right to have the petition for a re-
hearing passed upon after the entry of a final decree, the court
denies the motion and petition for the reason that the statements

of witnesses in the affidavit annexed thereto, if offered in evidence, would not change the conclusions reached in the finding of facts." The defendant John W. Steele appealed.

The case was submitted on briefs.

*F. T. Crommett,* for the defendant John W. Steele.

*R. W. Frost & M. B. Breath,* for the plaintiff.

RUGG, C.J. This suit in equity was heard in the Superior Court. A finding of facts was made by the presiding judge and a final decree entered in favor of the plaintiff. The defendant seasonably appealed. Thereafter the defendant filed a motion praying that the case be reopened and reviewed, on the ground that the trial on the merits was not postponed as requested.

The entry of the final decree ended the jurisdiction of the Superior Court to deal with the case except on a bill of review, save in exceptional instances of which this is not one. *Thompson* v. *Goulding,* 5 Allen, 81. *White* v. *Gove,* 183 Mass. 333, 340. *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 229. *Martell* v. *Dorey,* 235 Mass. 35, 40. The motion in the case at bar is not a bill of review either in form or substance. *Clapp* v. *Thaxter,* 7 Gray, 384. *Elliott* v. *Balcom,* 11 Gray, 286. *Mulrey* v. *Carberry,* 207 Mass. 390. It is simply a statement that, when the case was reached for trial, the defendant was not ready to go forward because of the absence of witnesses. Whether a case when reached for trial shall be heard, or continued for hearing at a later time, rests in sound judicial discretion. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16.

The judge, without passing upon the legal questions presented but assuming them all in favor of the defendant, heard and denied the motion on its merits on the ground that nothing appeared which would have changed the conclusions reached in the findings of facts. In this there was no error of law.

*Order denying motion for rehearing affirmed.*
*Decree affirmed with costs.*