EZRA H. BAKER *vs.* ALICE R. BARSTOW & others.

Plymouth. January 8, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Probate Court*, Decree, Appeal, Revision of findings after decree.

After a motion by the executor of a will, that a petition by him in the Probate Court for instructions be taken *pro confesso* as to certain interested parties named as respondents who had not appeared or filed answers, has been allowed, a hearing has been held at which a guardian *ad litem* was a party respondent, a final decree has been entered, and an appeal has been taken by one of the parties as to whom the petition had been taken *pro confesso*, the judge of the Probate Court is not bound to reopen the hearing for a reëxamination of the evidence and a revision of his findings.

PETITION, filed in the Probate Court for the county of Plymouth on April 7, 1922, by the executor of the will of Rogers L. Barstow, late of Mattapoisett, for instructions.

In the Probate Court, a guardian *ad litem* was appointed for certain interested minors. There was a hearing before *Hitch*, J. Material evidence, proceedings, and the final decree are described in the opinion. The respondent Ezra B. Barstow appealed.

*F. W. Bacon*, for the respondent Ezra B. Barstow.

CROSBY, J.    This is a petition brought in the Probate
Court by Ezra H. Baker, executor of the will of Rogers L.
Barstow, praying for instructions as to the amount of a
bequest made to Ezra B. Barstow by the fourth paragraph
of the will, which so far as material to the question raised is
as follows: " I give and bequeath to my son, Ezra B. Bar-
stow, or, if he be not living at the time of my decease, to
his children in equal shares, the issue of any deceased child
to take by right of representation, the sum of five thousand
dollars ($5,000.00) and also such sum as is the difference
between the amount charged on my books to Rogers L.
Barstow, Jr., and the amount charged on my books to Ezra
B. Barstow . . . ."

The judge of probate found that the testator died June
19, 1921; that he kept a journal and ledger which were
written up to January 1, 1919; that on the ledger the bal-
ance charged to Rogers L. Barstow, Jr., was $41,081.36 and
to Ezra B. Barstow $27,796.90, making a difference of $13,-
284.46, representing the amount which Rogers had received
more than Ezra up to that time.    The judge further found
that the testator " became sick and made no further entries
on his ledger or journal of amounts paid either to Ezra or
Rogers; " that his check books were kept to April 15, 1921,
and the stubs showed payments to each of these sons; that
between January 1, 1919, and April 15, 1921, the testator
paid to Rogers $6,077.24 and to Ezra $2,200.82; that these
amounts appear on the stubs of the check books except
three items of income from an estate amounting to $333.28,
which are included in the credits deducted; that " There
is nothing to indicate on the check stubs the purpose for
which the payments were made.    Besides the date, amount
and number of the check, only the name of the payee ap-
pears on the stub."    The judge also found that the testator
kept certain memoranda which were in accord with the items
on the check books; that there were entries on the
books of Chase and Barstow (a partnership of which the
testator was a member in March, 1921,) of two payments of
$250 each to Rogers L. Barstow, Jr.    The judge failed to
find that the items of payment in the check books above

referred to, or those on the books of the partnership, " were amounts charged on the books of the testator to them within the meaning of the provisions in the will, and therefore found that the only charges to the sons on the books of the testator were those on the ledger and journal aforesaid."

Some time after the foregoing findings of fact were made and filed, counsel for Ezra B. Barstow contended that there were certain notations on some of the check book stubs indicating that certain checks had been made to Rogers L. Barstow, Jr. Thereafter the judge filed an " Amendment to The Foregoing Findings of Fact " in which he stated that these notations were not called to his attention at the hearing, or seen by him, or considered in coming to a decision of the case, and that he has not since seen them; that the hearing was held on June 5, 1922; that while the executor and the guardian *ad litem* appeared there was no appearance for Rogers or Ezra, and that the bill was taken as confessed as to them; that the documentary evidence was voluminous; that the ledger, journal and check books were put in evidence together with other evidence; that no testimony was offered respecting the alleged notations, if there were any, on some of the stubs; and that the attention of the court was not called to them. A decree was entered on June 19, 1922, instructing the petitioner to pay to Ezra B. Barstow $13,284.46 as the difference between the amount charged on the books to Rogers and that charged to Ezra, this sum to be in addition to the $5,000 given to Ezra in paragraph four of the will.

After the entry of the decree the respondent Ezra B. Barstow appeared, appealed from the decree and filed a request for findings of fact. The attention of the judge was not then called to the notations above referred to, and at no time was there any evidence offered respecting them. After the appeal the judge was asked by the respondent to reëxamine the check books and revise his findings, which he declined to do. While the respondent did not appear at the hearing in the Probate Court, and no appearance was entered for him, and the bill was taken as confessed as to him, there is nothing in the record to show, and it is not

contended, that he might not have appeared at the hearing and presented the evidence which he contends should have been considered by the court. In these circumstances the judge was not bound to reopen the hearing after findings of fact had been filed, and a final decree entered. No further or other findings could properly be made by him. The entry of the final decree ended the jurisdiction of the Probate Court to deal with the case. *White* v. *Gove*, 183 Mass. 333. *Martell* v. *Dorey*, 235 Mass. 35. *Morgan* v. *Steele*, 242 Mass. 217.

*Decree affirmed.*