PLAZI DE FLURIN *vs.* JOHN J. KIPPENBERGER & others.

Suffolk.    October 20, 23, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Findings by judge, Appeal.    *Fraud.    Undue Influence.    Equity Jurisdiction,* To relieve from results of fraud.

In a suit in equity brought by one eighty-two years of age through a conservator of his property to set aside a conveyance by him to his daughter and her husband, on the ground that he was advanced in age and by false and fraudulent representations of the defendants was unduly influenced to make the transfers, findings by the trial judge contrary to the material allegations of the bill were *held* to have been warranted by the evidence, and a final decree dismissing the bill was affirmed on appeal.

BILL IN EQUITY, filed in the Superior Court on October 3, 1924, and afterwards amended, to set aside a certain conveyance made by the plaintiff to the defendants.

In the Superior Court, the suit was heard by *Morton,* J., a stenographer having been appointed under G. L. c. 221,

§ 85, Equity Rule 35 (1905), to take the evidence.   Findings by the judge are described in the opinion.   By his order, a final decree was entered dismissing the bill.   The plaintiff appealed.

*L. A. Rogers,* for the plaintiff, submitted a brief.

*A. E. Lewis,* for the defendants.

SANDERSON, J.   The plaintiff, by his conservator, brings this bill to set aside a conveyance of real estate to his daughter and her husband, and an assignment of a mortgage to the same daughter, on the ground that he was advanced in age and unduly influenced to make the transfers by false and fraudulent representations of the defendants.

The trial judge found that when the transactions in question took place the plaintiff was eighty-two years of age; that the evidence did not warrant a finding that he was physically or mentally infirm at that time; and that, about three years later, when he gave his testimony, he was not, for a man of his years, in a condition physically or mentally which made him susceptible to undue influence.   The judge further found that no misrepresentations were made to him by the defendants or either of them, and that no undue influence was exerted by them, and that the plaintiff made the transfers voluntarily with full knowledge of what he was doing and with the intention of giving the property to the defendants.

A decree dismissing the bill was entered in accordance with the findings, and the only question presented by the plaintiff's appeal is, whether upon an examination of all the evidence the findings should be reversed because plainly wrong.   *Lindsey* v. *Bird,* 193 Mass. 200, 202.   *Martell* v. *Dorey,* 235 Mass. 35, 40.   *Cook* v. *Mosher,* 243 Mass. 149, 152.   *Moss* v. *Old Colony Trust Co.* 246 Mass. 139.   The testimony, which was in large part oral, amply supports and justifies the findings made, and the decree dismissing the bill must be affirmed.

*Ordered accordingly.*