*Southern District*

#30308

## HAROLD B. FOOTE, d.b.a.
## N. E. DESIGN ASSOCIATES
### v.
## PROCESS EQUIPMENT CO., INC.

*Present*: Nash, C. J., Cox, Owen, J. J.

Case tried to *Welsh*, *J*. in the District Court of Brockton No. 30308

*Owen, J.* This is an action of contract on an account annexed wherein the plaintiff seeks to recover $876.80 for engineering services which he furnished to the defendant. The answer was a general denial and payment.

The defendant filed a motion for postponement and an affidavit under Rule 15 of the District Courts. The affidavit set forth that a material witness in the trial of the action is unavoidably absent from the Commonwealth and further that:

> "1. The name of the witness is Earl Meyers, president of the defendant corporation. His address is Willard Street, Brookline, Massachusetts. His business address is 71 Forest Street, Brockton, Massachusetts.

2. The witness is expected to testify that the plaintiff failed to complete its contract with the defendant corporation in that the designs ordered by the defendant of the plaintiff were incomplete and therefore of no use to the defendant or its customer.

3. Although the defendant knew of the pendency of the hearing and the date of trial and the witness was notified of such fact, his attendance in the State of Virginia was compelled by the National Aeronautics and Space Administration for which the defendant is presently engaged in performing some work on one of the projects of the National Aeronautics and Space Administration, and the absence of the witness is unavoidable as a result of government regulations.

4. Counsel for the plaintiff was notified of this fact on January 14, 1966, and although counsel for the defendant requested a continuance, counsel for the plaintiff refused to agree."

The trial court denied the motion for postponement and further refused to rule at the defendant's request that the plaintiff must admit that the absent witness would testify as alleged in the affidavit.

The defendant requested a report on the exclusion of a letter offered in evidence by the defendant. This portion of the appeal was

waived by the defendant at the hearing before the Appellate Division.

The evidence briefly was that the plaintiff designed a machine for the defendant in compliance with and in accordance to specifications, submitted by the defendant and that they were complete and adequate. The defendant's evidence was that it rejected the designs because they were incomplete and of no use to the defendant or its customer as they were inadequate.

The court found for the plaintiff:

There is no rule of court and no rule of law that requires a plaintiff under the circumstances in question to admit that an absent defendant would testify as set forth in an affidavit filed under Rule 15 of the District Courts. The defendant's objection to the refusal of the court to rule that this must be admitted is without merit.

The decision as to whether or not a case shall be tried when reached or continued for hearing at a later time rests within sound judicial discretion. *Morgan* v. *Steele,* 242 Mass. 217 and cases cited.

Rule 15 provides in part that "the court need not entertain any motion for postponement — unless supported by affidavit, which shall state — (3) the endeavors and means that have been used to procure his attendance or deposition; to the end that the court may judge whether due dili-

gence has been used for that purpose." The defendant's affidavit in effect states the only means used to procure the attendance of the witness was to notify him of the date of trial.

Rule 15 further provides that "the granting or denial of a motion for postponement shall be discretionary whether the provisions of the rule have been complied with or not" and it goes on to state "The court will not ordinarily grant a motion for postponement grounded on the absence of a material witness whom it is in the power of the moving party to summon, unless such party has caused such witness to be regularly summoned and to be paid or tendered his travel and one day's attendance."

The witness in question was not only within the power of the moving party to summon, but in fact, was president of the defendant corporation.

It is obvious from the rule itself that there is no merit in the defendant's contention that the denial of the motion for postponement amounted to an abuse of judicial discretion.

There was no error in the disallowance of the motion. **It is ordered that the Report be dismissed.**

SEYMOUR BLUHM of Plymouth, for the defendant in support of the contention that there

was no "abuse of discretion cited: *Congress Taxi Assoc., Inc.* v. *Reed,* 17 LEGALITE 15, 16-17; *Bartley* v. *Phillips,* 317 Mass. 35, 43-45; ("Abuse of discretion" defined by Lummus, J.); *Hartman* v. *Herald Traveler Corporation,* 323 Mass. 56, 60; *Kohler* v. *Duggan,* 346 Mass. 270, 274.

WILLIS A. DOWNS of Brockton, for the defendant cited the following cases where denial of continuance was an abuse of sound judicial discretion:

*Ackroyd's Case,* 340 Mass. 214 (Attorney was engaged elsewhere in trial on an assigned case); *Knapp* v. *Graham,* 320 Mass. 50 (Enemy alien was entitled to continuance. Probate Court was reversed); *Odde* v. *Field,* 297 Mass. 167, 172; *Morgan* v. *Steele,* 242 Mass. 217, 218.