## MICHAEL LYSTER *vs.* ANN LYSTER.

Misconduct of the libellant may be a sufficient defence to a libel for desertion, although not sufficient to support a libel for divorce by the libellee.

A libel by a wife against her husband for a divorce from bed and board on the ground of extreme cruelty and gross and confirmed habits of intoxication contracted since marriage, was dismissed. Subsequently the husband brought a libel against the wife for desertion. *Held,* that she could introduce evidence of his cruel and abusive treatment, not amounting to extreme cruelty, and of his gross habits of intoxication.

LIBEL for divorce from the bond of matrimony for desertion of the libellant by the libellee for a period of five years anterior to September 29, 1871, the date of the libel. The answer set up as a justification of the libellee in leaving the libellant his cruel and abusive treatment, and gross and confirmed habits of intoxication.

At the hearing before *Colt,* J., it appeared that the libellee left the libellant and lived separate from him for more than five years prior to the filing of his libel, without his consent; that in 1865, the libellee brought a libel in this court against the libellant for

a divorce from bed and board, in which she alleged that he had, since their marriage, contracted gross and confirmed habits of intoxication, and had for years past treated her with extreme cruelty ; that there was a hearing of said libel upon the merits; and that the court dismissed the libel.

The libellee offered to show " cruel and abusive treatment of the libellant anterior to the time of filing her said libel, and gross habits of intoxication, with threats and abusive language on his part, which would so far justify her in living separate from him, or would so far put him in the wrong as to the whole matter as that he could not maintain this libel." But the judge ruled " that the decree of the court in the former case was conclusive as to the allegation of cruel and abusive treatment by the present libellant towards the present libellee and of his habits of intoxication; and that no degree of cruelty or abusive treatment in speech or behavior on his part, or habits of intoxication, would justify her in, leaving him, or bar his right to a divorce for her desertion, short of such extreme cruelty or gross and confirmed habits of intoxication as would have entitled her to a divorce from bed and board " ; and he excluded all evidence of cruelty and intoxication prior to the date of her said libel, and granted a divorce as prayed for. The libellee alleged exceptions.

*W. F. Slocum,* ( *W. S. Slocum* with him,) for the libellee.

*F. H. Graves,* for the libellant.

GRAY, J. The decree upon the former libel of the wife was doubtless conclusive, at the hearing of the present libel of the husband, upon any question necessarily involved in the former adjudication. *Fera* v. *Fera,* 98 Mass. 155. *Thurston* v. *Thurston,* 99 Mass. 39. *Lewis* v. *Lewis,* 106 Mass. 309. *Slade* v. *Slade,* 58 Maine, 157. But in order justly to estimate the effect of that judgment, it is necessary to consider what was then brought in issue between the parties.

By the Gen. Sts. *c.* 107, § 9, a divorce from bed and board might be decreed for extreme cruelty, gross and confirmed habits of intoxication contracted after marriage, or cruel and abusive treatment. Any acts or conduct which injured or endangered life, limb or health, or created reasonable apprehension of such

injury or danger from a continuance of the cohabitation, would constitute cruel and abusive treatment within the meaning of the statute. *Bailey* v. *Bailey*, 97 Mass. 373. *Evans* v. *Evans*, 1 Hagg. Cons. 35, 39, 40. *Milford* v. *Milford*, L. R. 1 P. & D. 715 ; *S. C.* in House of Lords, 37 Law J. (N. S.) P. & M. 77. But in order to amount to extreme cruelty, there must also be proof of personal violence intentionally inflicted. *Ford* v. *Ford*, 104 Mass. 198. *Warren* v. *Warren*, 3 Mass. 321. And to make out a cause of divorce upon the ground of habits of intoxication, such habits must not only have been gross and confirmed, but they must have been contracted since the marriage ; if they were contracted before the marriage, although not known to the other party until afterwards, they would not be a cause of divorce.

In suits for restitution of conjugal rights, the English courts have generally acted upon the rule that nothing is a defence, which would not entitle the defendant to a judicial separation. *Burroughs* v. *Burroughs*, 2 Sw. & Tr. 303, and cases there cited. And that rule has been adopted in Pennsylvania as applicable to suits for divorce. *Grove's Appeal*, 37 Penn. State, 443. But the two classes of cases have not been deemed in England to be governed by the same rule. *Simmons's Divorce*, 12 Cl. & F. 339. *Haswell* v. *Haswell*, 1 Sw. & Tr. 502. *Yeatman* v. *Yeatman*, L. R. 1 P. & D. 489, and L. R. 2 P. & D. 187. *Rowley* v. *Rowley*, L. R. 1 H. L. Sc. 63. And the very nature of the two shows that they should not be.

Upon the husband's suit for restitution of conjugal rights, a decree in his favor directs the wife to return to him, and directs him to receive her and treat her with conjugal kindness. But if he sues for and obtains a divorce, the decree either wholly severs the bond of matrimony, or at least separates the wife from the bed and board of the husband. In the one case, the husband stands in the position of undertaking to abide by the marriage contract and seeking to have it enforced ; in the other, he invokes the assistance of the court to dissolve or impair its obligation. The general principle which governs both is, that the court will not give judicial effect to a separation between the parties, except upon full proof of a cause which the law declares to be sufficient

for a divorce. A just application of this principle requires that misconduct of the husband, not amounting to a cause of divorce, and which affords no reason why, upon his undertaking to conduct himself properly for the future, the marital relation should not be fully reëstablished by judicial decree, may yet, when he makes no offer to amend his course, but seeks for a judicial separation for his wife's breach of duty, well be considered as qualifying her offence and his right to rely upon it as a cause for dissolving the marriage relation, in whole or in part.

It has accordingly been declared by a great weight of American authority that ill treatment or misconduct of the husband, of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce against him, might yet justify her in leaving his house, and prevent his obtaining a divorce for her desertion if she did so. Dewey, J., in *Pidge* v. *Pidge*, 3 Met. 257, 261. Shaw, C. J., in *Burlen* v. *Shannon*, 3 Gray, 387, 391. Chapman, J., in *Bailey* v. *Bailey*, 97 Mass. 373, 379. Walworth, C., in *People* v. *Mercein*, 8 Paige, 47, 68. Zabriskie, C., in *Laing* v. *Laing*, 6 C. E. Green, 248, 250. *Poor* v. *Poor*, 8 N. H. 307, *et e contra*, cited 13 N. H. 224. *Gillinwaters* v. *Gillinwaters*, 28 Mo. 60. *Hadin* v. *Hadin*, 17 Ala. 250.

Applying to this case the principles thus established, the result is, that cruel and abusive treatment, which injured or endangered or created a reasonable apprehension of injury or danger to life, limb or health, but did not amount to extreme cruelty, for want of proof of acts of personal violence, would not have been admissible under the allegations in the former libel. *Ford* v. *Ford*, 104 Mass. 198. But such treatment would have been a sufficient cause of divorce, if duly pleaded; and even a less degree of ill treatment than would have entitled the wife to a divorce might have excused her in leaving the husband. And in like manner habits of intoxication, so gross and confirmed as to render a continuance of cohabitation intolerable, might justify the wife in separating herself from the husband, although for want of proof that such habits had been contracted since marriage, or of cruel treatment, they would not amount to one of the statute causes of

divorce. The only causes of divorce alleged in the former libel having been extreme cruelty, and gross and confirmed habits of intoxication contracted since marriage, neither the question whether the husband had been guilty of cruel and abusive treatment, short of extreme cruelty, towards the wife, nor the question whether he had habits of intoxication, however gross or confirmed, contracted before marriage, was in issue in that case, or could have been determined by the decree therein.

It follows that the justice who presided at the trial erred in excluding all evidence of cruelty and intoxication prior to the date of the former libel; and in ruling that no degree of cruelty or abusive treatment in speech or behavior on the part of the husband, or habits of intoxication, which would not have entitled the wife to a divorce from bed and board, would justify her in leaving her husband. *Exceptions sustained.*