ELIZABETH W. WILLARD *vs.* ELLA M. BRIGGS & others.

Middlesex.    January 23, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, MORTON & BARKER, JJ.

*Creditors' Bill — Husband and Wife — Premature Suit.*

A wife filed a petition against her husband in the Probate Court, under Pub. Sts. c. 147, § 33, and an attachment of his property was ordered by that court, but none could be found which could be attached.  Before a decree had been rendered by the Probate Court on the wife's petition, she filed a bill in equity to reach and apply certain mortgages and mortgage notes of her husband which could not be attached or taken on execution in a suit at law, and to hold them until she could obtain a decree in the Probate Court, and to then apply them in satisfaction of the decree.  *Held,* that until it was decided by the Probate Court that she was living apart from her husband for justifiable cause, and was entitled to be supported by him under Pub. Sts. c. 147, § 33, and a decree entered in her behalf for a definite sum of money, there was no debt due to her from her husband, and she was not a creditor within the meaning of Pub. Sts. c. 151, § 2, cl. 11, and § 3.

A court of equity cannot decide whether a wife is living apart from her husband for justifiable cause, and is entitled to be supported by him under Pub. Sts. c. 147, § 33.

FIELD, C. J.    This is a bill in equity by a wife to reach and apply certain property of her husband, which, it is alleged, cannot be attached or taken on execution in a suit at law.   The wife has filed a petition against her husband in the Probate Court, under Pub. Sts. c. 147, § 33, and an attachment of his property has been ordered by that court, but no property has been found which can be attached.   No decree has been rendered under this petition in favor of the wife.   The bill was filed for the purpose of reaching certain mortgages and mortgage notes alleged to belong to the husband, and of holding them until the wife can obtain in the Probate Court a decree that the husband should pay her a certain sum or sums of money for her support, and then of applying these mortgages and mortgage notes in some way to the satisfaction of such a decree.   It is not necessary to decide whether, if such a decree had been rendered before the bill was filed, the plaintiff could have the assistance of a court of equity in enforcing it, or whether her sole remedy would be in the Probate Court, or on appeal in this court as the Supreme

Court of Probate. Pub. Sts. c. 147, §§ 33–35.. *Downs* v. *Flanders*, 150 Mass. 92. A court of equity cannot decide whether she is living apart from her husband for justifiable cause, and is entitled to be supported by him under Pub. Sts. c. 147, § 33. Certainly, until this is decided by the Probate Court in her favor and a decree entered in her behalf for a definite sum of money, there is no debt due to her from her husband, and she is not a creditor within the meaning of Pub. Sts. c. 151, § 2, cl. 11, or § 3.                    *Decree dismissing the bill affirmed.*

*P. Keyes,* for the plaintiff.

*E. I. Smith,* for the defendants.