## RUTH GOLDBERG *vs.* JOHN GOLDBERG.

Norfolk. December 1, 1920. — January 11, 1921.

Present: RUGG, C. J., BRALEY. DE COURCY, CROSBY, & CARROLL, JJ.

*Husband and Wife,* Separate maintenance.

The mere facts that, within a month after marriage, a husband and wife had attempted or performed the sexual act on four occasions, on each of which it was performed with great difficulty and caused great distress to the wife, from which her physical and mental condition were disturbed, her heart action was impaired and hysteria developed, and that, by reason thereof, after an absence in a hospital, the wife refused to live with her husband, stating as her reason that she "had been informed by surgeons who had attended her, that it was physically impossible for her to have sexual relations with any man without grave peril to her," were not grounds justifying the wife in living apart from the husband or for a decree under R. L. c. 153, § 33, for her separate maintenance by him, where it appeared that the wife's physical condition was not the result of cruel and abusive treatment on the part of the husband, that there was no ill treatment by him and that there was nothing to indicate that by returning to his home she would be subjected to cruel treatment or abuse.

PETITION, filed in the Probate Court for the county of Norfolk under R. L. c. 153, § 33, alleging that the petitioner was living apart from the respondent for justifiable cause and seeking separate maintenance.

The petition was heard in the Probate Court by *Flint,* J., and a decree was entered reciting that the petitioner was living apart from the respondent for justifiable cause and directing him to pay for her support $30 forthwith and $7 each week thereafter.

Upon appeal to the Superior Court the case was heard by *Sisk,* J., upon an agreed statement of facts. Material facts agreed upon are described in the opinion. The judge found and ruled that the petitioner was not living apart from the respondent for justifiable cause, ruled that the decree of the Probate Court should be reversed and the petition dismissed, and reported the case to this court for determination.

*C. S. Hill,* for the petitioner.

*F. J. Squires,* for the respondent.

CARROLL, J. The parties were married August 18, 1918. After

a short wedding journey they lived in Norwood. On November 17, 1918, the petitioner left the hospital where she had been treated for influenza and went to her parents' home in Boston, where she told her husband she could not return to him, that she "had been informed by surgeons who had attended her, that it was physically impossible for her to have sexual relations with any man without grave peril to her."

According to the agreed statement of facts, between the date of the marriage and October 29, "when Mrs. Goldberg went to the hospital, the sexual act had been performed or attempted to be performed on four occasions. On each of these occasions, the act was only performed with great difficulty, and caused great distress to" the petitioner. Her physical and mental condition were disturbed, her heart action was impaired and hysteria developed. At the time of her marriage she was twenty-four years of age, of slight physique, and of a nervous temperament. There is an inflamed condition of the pelvis to the left of the uterus. This condition is not the result of cruel and abusive treatment on the part of the husband, and there was no ill treatment by him. He is a normal man physically and has no abnormal or exaggerated development.

In the Probate Court separate maintenance was decreed for the petitioner. In the Superior Court the decree was reversed and it was found that the petitioner was not living apart from her husband for justifiable cause, and the case was reported. The petitioner contends that on these facts she was, for justifiable cause, living apart from her husband. R. L. c. 153, § 33.

A wife is not justified in living apart from her husband and claiming separate support from him when the husband is without blame and the separation is not the result of ill treatment, misconduct, or failure of marital duty on his part. There is nothing to indicate that by returning to his home she would be subjected to cruel treatment or abuse, and it could not be found on the agreed facts that by living with her husband her health would be injured or her physical or mental condition impaired. It does not follow that her husband would be guilty of conduct which would cause her injury, nor was there such a reasonable fear of danger to her physical health or safety from continuing to live with him, as to support a decree for separate maintenance.

A wife may be justified in living apart from her husband and claiming support from him for his misconduct, which would be insufficient to entitle her to divorce. See *Lyster* v. *Lyster*, 111 Mass. 327, 330; *Watts* v. *Watts*, 160 Mass. 464, 468. But to support a decree in her favor there must be some evidence of a marital wrong. *Turner* v. *Turner*, 234 Mass. 37. It was admitted that the husband was guilty of no such wrong. Her physical and mental condition was not of itself sufficient to legally excuse her separation from him, and it could not be found that she had such a rational apprehension of ill treatment as to warrant her in living apart from him. "The contract [of marriage] is for life, and cannot be repudiated or terminated at the pleasure of the parties, but can only be dissolved by the State itself. It follows that, after fulfilment of the contract, marriage is a social institution, or status, in which, because the foundations of the family and the domestic relations rest upon it, the Commonwealth has a deep interest to see that its integrity is not put in jeopardy, but maintained." *Coe* v. *Hill*, 201 Mass. 15, 21

The order of the Superior Court dismissing the appeal and reversing the decree of the Probate Court is affirmed.

*So ordered.*