## Amy O. Tuttle *vs.* Warren C. Tuttle.

Essex.   February 13, 1922. — February 28, 1922.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Husband and Wife*, Separate maintenance.  *Evidence*, Presumptions and burden of proof.

At the hearing of a petition by a wife seeking separate maintenance from her husband under G. L. c. 209, § 32, it appeared that for ten years preceding the filing of the petition the respondent continuously had deserted the petitioner and that she had lived apart from him for justifiable cause; that soon after the separation the petitioner both by letter and by interviews had sought reconciliation and renewal of martial relations, and that the respondent had rejected her overtures utterly and never had expressed any willingness nor made any overtures to have the petitioner return until the hearing upon her petition, when for the first time he declared that he desired to have her come back and live with him. She then was unwilling to go back to him. *Held*, that an inference of want of good faith on the part of the respondent in seeking the return of the petitioner was irresistible and that a decree granting her separate maintenance was warranted.

Petition, filed in the Probate Court on December 17, 1920, under G. L. c. 209, § 32, for separate maintenance.

In the Probate Court, the petition was heard by *White*, J. Material facts found by him are described in the opinion. By his order a decree was entered allowing the petitioner $7.50 per week.  The respondent appealed.

*W. W. Pyne*, for the respondent, submitted a brief.

*L. F. O'Keefe*, for the petitioner.

Rugg, C. J.   This is a petition for separate maintenance.  The parties were married in Maine in 1901, removed to Lynn in this Commonwealth in 1905, and lived there until 1910, when they parted.   The petitioner soon after sought reconciliation and expressed her willingness both by letter and interview to renew living together, which he utterly rejected.   Since not later than January 1, 1911, he has continuously deserted her and she has been living apart from him for justifiable cause and supporting herself without any aid from him.   During the hearing in the Probate Court he declared that he desired his wife now to come

back and live with him. The wife was unwilling to go back to him. The findings of the judge of probate upon this point were in these words: "As already found, at no time prior to the hearing has the husband expressed any willingness or made any overtures to have the wife return. During these ten years the parties have so completely ignored each other as to be practically dead to each other. They would now cohabit, if at all, hardly more than as strangers, without love and affection and without probability of the re-birth of those sentiments. Under the circumstances, I find that a proposition now made to the wife for her return to the husband is naturally repugnant to her, and that her refusal to make an experiment, by which she would condone her husband's continued desertion, is not unreasonable." A decree was entered in favor of the petitioner and the husband's appeal brings the case here.

The reported facts demonstrate that the husband had violated his marriage vows and obligations by utter and continuous desertion for more than ten years. This was sufficient ground for her to obtain a divorce. It is equally ground for maintaining a petition for separate maintenance. If she should return to live with him she would thereby condone this marital wrong. Under these circumstances and in view of the facts found by the judge it is manifest that the offer of the husband was not made in good faith, but to avoid the obligation imposed on him to contribute according to his ability to the support of his wife living apart from him for justifiable cause. The inference of want of good faith seems to us irresistible from the facts disclosed. He cannot thus wipe out the effect of ten years of faithless conduct. See *Turner* v. *Turner*, 234 Mass. 37. The present case is quite distinguishable from *Goldberg* v. *Golberg*, 237 Mass. 279.

At the argument at the bar the wife asked for an additional allowance arising from the expenses of this appeal. We decline to pass upon that motion, but it may be presented in the Probate Court without prejudice.

*Decree affirmed.*