CLARA A. MURRAY *vs.* CHARLES MURRAY.

Essex.    January 14, 1926. — February 25, 1926.

Present: RUGG, C.J., CARROLL, WAIT, & SANDERSON, JJ.

*Husband and Wife,* Separate maintenance. *Probate Court,* Appeal, Findings by trial judge.

A finding that a wife is living apart from her husband in such circumstances as to justify the granting of a petition for her separate maintenance under G. L. c. 209, § 32, is not warranted by the facts, found by a trial judge, that "for some seven years before the separation [and a refusal by her to rejoin him on his invitation] the attitude of the husband toward his wife and family was wholly unreasonable. The word 'grouch' is often used colloquially in matters of this sort without much meaning or weight. In this case it expresses the chronic attitude and fixed habit of the husband. . . . This man's refusal to have anything to say to his family was deliberately sullen and bitter to such an extent as now to cause a suspicion of mental defect. He says 'his nerves were all gone,' but no suggestion of irresponsibility was made in defence, and no finding to that effect is made."

PETITION, filed in the Probate Court for the county of Essex on January 19, 1925, by a wife seeking separate maintenance under G. L. c. 209, § 32.

The petition was heard by *White*, J. Material findings by the judge, included in a statement in writing filed by him, are described in the opinion. The concluding findings were: "It is found that this conduct constitutes such cruelty as to justify the wife in declining to accede to his request that she now come to live with him in his apartment. It is found that she is actually living apart from him for justifiable cause."

By order of the judge, a decree was entered that the respondent "has been guilty of such conduct towards the said petitioner that said petitioner for justifiable cause is actually living apart from her said husband," and directing the respondent to pay $7.50 per week to the petitioner for the support of herself and of her minor children. The respondent appealed.

The case was submitted on briefs.

*A. Kobrin,* for the respondent.

*S. Parsons, A. G. Wadleigh, & P. F. Crowley,* for the petitioner.

SANDERSON, J. This is a petition for separate support in which the petitioner alleges that her husband was ugly and disagreeable; that he left her in November, 1924, without just cause and has made no contributions to her support since that date. The trial judge found that the petitioner was living apart from her husband for justifiable cause and made an order for her support. The evidence is not reported.

The judge found that the parties had been married about thirty years, and trouble between them came to a head in the summer and fall of 1924; that the petitioner withdrew from cohabitation with her husband, locked herself in a separate room, withdrew from the savings bank a deposit of over $500 (started in 1908 in the husband's name with the right in the wife to draw it), and deposited the same in a new account in her own name; that he objected to their married children and to his wife's son by a former marriage living with them; that he went away and through his attorney notified his wife that he had a room in Charlestown and

requested her to come and live with him.   He testified that
he was desirous of living with her.   The specific findings
upon which the judge found the respondent guilty of such
cruelty as to justify the wife in declining to accede to his
request that she now come to live with him in his apartment
were, that "for some seven years before the separation the
attitude of the husband toward his wife and family was
wholly unreasonable.   The word 'grouch' is often used
colloquially in matters of this sort without much meaning
or weight.   In this case it expresses the chronic attitude
and fixed habit of the husband.   It was suggested in defence
that he was by nature very taciturn.   That does not excuse
his conduct.   A merely silent man may be the best sort of
a husband and father.   This man's refusal to have anything
to say to his family was deliberately sullen and bitter to
such an extent as now to cause a suspicion of mental defect.
He says 'his nerves were all gone,' but no suggestion of
irresponsibility was made in defence, and no finding to that
effect is made."   The judge found that nothing in the wife's
conduct justified his attitude toward her.

Ordinarily the decision of the trial court based upon evi-
dence not reported is conclusive, but in this case the decision
is specifically based on the facts found, and the question
is presented whether those facts justify the wife in living
apart from her husband.

Misconduct, not amounting to such cruel and abusive
treatment as under G. L. c. 208, § 1, is required to entitle
a wife to a divorce, might justify her in living apart from him
and enable her to maintain a petition for separate main-
tenance under G. L. c. 209, § 32.   *Turner* v. *Turner,* 234
Mass. 37.   *Lyster* v. *Lyster,* 111 Mass. 327.

The controlling principle in cases of this kind is stated in
*Goldberg* v. *Goldberg,* 237 Mass. 279, 280, in the following
language: "A wife is not justified in living apart from her
husband and claiming separate support from him when the
husband is without blame and the separation is not the
result of ill treatment, misconduct, or failure of marital duty
on his part.   There is nothing to indicate that by returning
to his home she would be subjected to cruel treatment or

abuse, and it could not be found on the agreed facts that by living with her husband her health would be injured or her physical or mental condition impaired. It does not follow that her husband would be guilty of conduct which would cause her injury, nor was there such a reasonable fear of danger to her physical health or safety from continuing to live with him, as to support a decree for separate maintenance . . . to support a decree in her favor there must be some evidence of marital wrong. . . . It was admitted that the husband was guilty of no such wrong. . . . 'The contract [of marriage] is for life, and cannot be repudiated or terminated at the pleasure of the parties, but can only be dissolved by the State itself. It follows that, after fulfilment of the contract, marriage is a social institution, or status, in which, because the foundations of the family and the domestic relations rest upon it, the Commonwealth has a deep interest to see that its integrity is not put in jeopardy, but maintained.' *Coe* v. *Hill*, 201 Mass. 15, 21."

In the case at bar no marital wrong was committed and no act done which caused or was intended to cause the wife injury, or reasonable fear of danger to her physical health or safety. The facts found do not justify the conclusion that the wife was living apart from her husband for justifiable cause. It follows that the decree must be reversed and a decree entered dismissing the petition.

*Ordered accordingly.*