G. VIVIAN FARRELL *vs.* JOSEPH W. FARRELL.

Middlesex.   November 14, 1927. — January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Marriage and Divorce*, Separate maintenance.   *Husband and Wife.*

Where, at the hearing of a petition under G. L. c. 209, § 32, by a wife for separate maintenance, there is evidence warranting findings of ante-nuptial deceit on the part of the wife and after marriage several instances of more or less severe bodily violence, "continual nagging," profanity, and opprobrious epithets on her part toward the husband, by reason of which he left her, and that the husband had never abused nor neglected her but had treated her with courtesy and had bought for her such clothes and other things as he could afford, further findings that the husband was justified in not continuing to live with the wife and that she was not living apart from him for justifiable cause were warranted, and a dismissal of the petition was without error.

PETITION, filed in the Probate Court for the county of Middlesex on January 6, 1927, under G. L. c. 209, § 32, for separate maintenance.

In the Probate Court, the petition was heard by *Harris, J.*, a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence.   The evidence so taken was not made a part of the printed record before this court.

The judge ordered the petition dismissed.   The petitioner appealed.   The judge then reported his findings of fact. Material portions of his report are stated in the opinion.

*D. L. Smith*, for the petitioner.

No argument nor brief for the respondent.

RUGG, C.J.   This is a petition by a wife against her husband brought under G. L. c. 209, § 32.   This section enumerates three classes of cases in which the court may make an order concerning the support of a wife.   It may be done if "a husband fails, without just cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband."   Respecting this statutory provision it was said in *Bucknam* v. *Bucknam*, 176 Mass. 229, "There would be no reason for the first class of cases if the power of the court to make an order was intended to be limited to cases in which the husband and wife are living apart from each other."   In *Goldberg* v. *Goldberg*, 237 Mass. 279, 280, the meaning of this section was further elucidated by the statement that a "wife is not justified in living apart from her husband and claiming separate support from him when the husband is without blame and the separation is not the result of ill treatment, misconduct, or failure of marital duty on his part."   *Murray* v. *Murray*, 255 Mass. 19.   It follows that, according to the true construction of the statute, a wife living separate and apart from her husband can maintain such a petition only when she sustains the burden of proving (1) that the husband has deserted her or (2) that she is living apart from him for justifiable cause.

The trial judge found as facts that the respondent was justified in not continuing to live with the petitioner, and that she was not living apart from him for justifiable cause. It is not necessary to recite the testimony on which these findings might have been founded.   Findings would have been warranted of antenuptial deceit, and after marriage several instances of more or less severe bodily violence, "continual nagging," profanity, and opprobrious epithets on the part of the wife toward the husband whereby he left her, and that the husband had never abused or neglected his wife but had treated her with courtesy and had bought for her such clothes and other things as he could afford. On such testimony it cannot be said there was error in the findings or in the entry of the decree.

*Decree dismissing petition affirmed.*