## DOMINIC J. SABINI *v.* FRANCES ETHEL SABINI.

## No. 2698.

ARGUED MAY 16, 1949.                    DECIDED MAY 24, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

OPINION OF THE COURT BY CRISTY, J.

This is an appeal by the wife, libellee-appellant, from a decree at chambers in divorce granted to the husband, libellant-appellee, in the circuit court of the first judicial circuit.

On September 25, 1945, the husband filed his libel for divorce in the circuit court below, stating as his sole ground: "That on or about the 16th day of June, 1939, in the Probate Court at Dedham, in and for the County of Norfolk, Commonwealth of Massachusetts, *a decree for separation from bed and board* was duly rendered and

entered by said Court on the petition of Frances Ethel Sabini, the libellee above named, against Dominic J. Sabini, the libellant above named; that said decree has been in full force and effect for a period of not less than four years, and that no reconciliation has been effected between said libellant and libellee, and that *the living together of the parties is insupportable.*" (Emphasis added.) This attempted to invoke rights claimed under section 12244, Revised Laws of Hawaii 1945.

Thereafter the wife filed a special plea to the jurisdiction raising the question of residence qualifications, which was overruled. No issue is made on this appeal on that phase. Then the libellee filed a special plea in bar, setting forth, in substance: that her husband had sued her for divorce in the probate court of Norfolk County, Commonwealth of Massachusetts, in which proceeding she had appeared and the divorce was denied; that she, the wife, had, on her own behalf, filed a statutory proceeding for support and had been granted relief thereunder.

After a hearing, the trial judge below entered a decision followed by an amended decision, finding that a "decree" had been entered by the Massachusetts probate court under section 32 of chapter 209 of the General Laws of Massachusetts 1932, and found that "said decree is in all respects a decree of *separate maintenance.*" (Emphasis added.)

Thereafter the libellee filed an answer, alleging, in substance: that the parties had never lived together since the commencement of her proceedings in Massachusetts for separate support filed December 15, 1938; that she had committed no act constituting a ground for divorce either in the Territory or in Massachusetts (later admitted by her husband); that the order of June 16, 1939 entered by the Massachusetts court was not a "decree for separation

from bed and board" and in no way affects the marriage status as such; that said order merely restrained the husband from imposing any restraint upon the wife's personal liberty and granted her maintenance money and hence is not a ground for divorce under the laws of the Territory.

The cause being before the lower court for setting on December 17, 1947, a motion was made by the wife (then living in Washington, D. C.) to compel the husband to afford her transportation expenses to appear and defend at the trial in Hawaii. The motion was supported by an affidavit, in connection with which it was alleged by the wife that she was suffering from an accident, had no means for paying her transportation to Hawaii and that since the separation of the husband from her he had made no efforts towards reconciliation although she was willing, and at all times has been willing, to resume living with him and that at no time was a living together "insupportable"; that her husband had deserted her, never offered to return or asked her to come back to him. The motion for transportation money was denied.

On the trial, the wife not being present, certified copies of the order of the probate court of Massachusetts, referred to in the pleadings, and the petition brought by the wife in said Massachusetts court were admitted in evidence. The petition was grounded on the allegation that "her said husband fails, without just cause, to furnish suitable support for her, and has deserted her; and that she is living apart from her said husband for justifiable cause, and she herein sets forth the following specifications:

"1. That her husband has sought to compel her to obtain a divorce from him, and on the fifteenth day of December, 1938 deserted your petitioner and her minor children." Upon this petition the probate court, on June 16, 1939, ordered that: "It appearing to the Court that said petitioner for justifiable cause is actually living apart

from her said husband: It is ordered that the respondent pay to said petitioner * * * for her support and that of the minor children until the further order of the Court." It was conceded at the trial below that there had been no reconciliation, but absolutely no factual evidence or exact proof[1] whatsoever was introduced to show that "the living together of the parties is insupportable." And the husband admitted as a witness in his own behalf that his wife had committed no act constituting a ground for divorce. Nor did he offer any facts demonstrating conduct on her part subversive of marital harmony.

On this state of the record the judge below granted a decree of divorce, now calling the order of the Massachusetts court "a Decree for Separation from bed and board" and making no special finding that the living together of the parties is insupportable.

For the wife, appellant, "It is submitted that the trial judge erred in her decision and decree in granting the Libellant a divorce under Chapter 296, Part IV of the Revised Laws of Hawaii 1945." Although the further specification is confusedly put, the libellant, in general, raises the question whether either the ground in the libel or the proof thereunder justifies the decree of divorce.

The order of the probate court of Massachusetts was given under section 32, chapter 209 of the Laws of Massachusetts, the pertinent portion of which section appears in the margin.[2]

---

[1] See § 12215, R. L. H. 1945.

[2] "§ 32. *Orders for Support, etc., of Wife Deserted, etc.*—If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband * * * the probate court may, upon * * * her petition * * * prohibit the husband * * * from imposing any restraint on [her] personal liberty * * * during such time as the court shall by its order direct or until the further order of the court thereon; * * *." 6 Ann. Laws of Mass., p. 520.

Under these proceedings in Massachusetts this section has been construed by the Massachusetts courts as designed for the protection of the wife while she remains in the status of a married woman and does not give the probate court the right to decree a judicial separation and thus to create a new status of the parties.[3]   Nor can a court of equity in Massachusetts decide whether a wife is living apart from her husband for justifiable cause and grant support from him under this section of the Massachusetts statutes.[4]   The Massachusetts statute also includes in its range relief to the wife comparable to the criminal proceeding covered in Hawaii by chapter 297, Revised Laws 1945, relating to desertion and nonsupport.[5]   An order of the probate court under the Massachusetts statute, adjudging that the wife is living apart from her husband for justifiable cause, is, while it remains in force, a bar to a libel for divorce on the ground of her desertion.[6]   An order under the Massachusetts statutes does not have the elements of judicial separation.   It does not suspend the marriage status, which remains except so far as modified by the order; it does not authorize the parties to live permanently apart nor to establish a relation which she would have a right to maintain until she consents to change it; the converse would also be true that such an order does not authorize the husband to establish a relation which he would have a right to maintain until he consents to change it; if her husband (or she) removes the cause of the separation, it would be the duty of the other to return to the marital duties and it would be the duty of the court

[3] Barney v. Tourtellotte, 138 Mass. 106, 108.

[4] Willard v. Briggs, 161 Mass. 58, 59, 36 N. E. 687, cited in note, 23 L. R. A. (N. S.) 121; Gediman v. Cameron, 306 Mass. 138, 27 N. E. (2d) 696.

[5] Farrell v. Farrell, 262 Mass. 209, 210, 159 N. E. 495.

[6] Miller v. Miller, 150 Mass. 111, 22 N. E. 765, cited in note, 61 A. L. R. 1268.

to revoke its order. It merely adjudicates that the successful party has a justifiable cause for living apart from the other and provides for their protection and for the wife's support while so living (see the case of *Barney* v. *Tourtellotte, supra*). Nor can the probate court, on the petition for separate support, order to be paid a sum in gross for all support of the wife during the future.[7] An order under the statute may be altered or revised and the powers have been frequently exercised to modify the amount to be paid by the husband.[8]

Under the decisions in Massachusetts it is clear that the proceedings under the statute there combine the elements of temporary alimony with the elements of support for desertion and nonsupport. An order thereunder constitutes in no sense a "decree of separation from bed and board." That might be sufficient to dispose of the instant case, inasmuch as the sole ground for divorce alleged in the libel is that the order given in evidence constituted "a decree for separation from bed and board," whereas in fact it is not such a decree and would not come within the provisions of section 12242 or 12244 of the Revised Laws of Hawaii 1945, even if those sections could be construed to be applicable to decrees or orders of foreign jurisdictions, no matter in what sort of proceedings or courts they are given.

But under the facts it might be argued, though not here decided, that the pleadings and language of the court below might be construed by implication, amendment or otherwise to bring into play the provisions of sections 12243 or 12245, Revised Laws of Hawaii 1945, as a "decree for separate maintenance." Ignoring for the moment the fact that no exact proof was adduced at the trial that "the

[7] Doole v. Doole, 144 Mass. 278, 10 N. E. 811.

[8] Slavinsky v. Slavinsky, 287 Mass. 28, 190 N. E. 826.

living together of the parties is insupportable," the question arises whether these sections in the Revised Laws of 1945 were really intended to cover the situation arising in the instant case.

Act 1 (ser. A-1) Laws of 1945, which enacted the Revised Laws of 1945, provides, in section 6 thereof, that "Provisions in the said sections [of the Revised Laws] and note shall be construed as continuations or amendments of applicable or corresponding provisions of previously existing laws and *not as new enactments.*" (Emphasis added.)

Hence, resorting to the original Act passed in the special session of 1941 as Act 93 (ser. C-43), and after inspecting the house and senate journals of that session, the following appears: house bill 32, which later became Act 93, originally contained only three pertinent sections, amending sections 4484, 4488 and adding a new section, 4489-A, of the Revised Laws of Hawaii *1935.* Prior to these amendments, section 4484, of the Revised Laws of Hawaii *1935*, provided specific grounds for a "separation from bed and board forever or for a limited time." The amendment eliminated the perpetual form of decree and limited the discretion of the circuit judge in territorial courts to a period not to exceed two years.

The new section which was added under part 3 of chapter 128 of the Revised Laws of *1935* provides that: "Where the term of *separation from bed and board,* fixed by decree, shall have expired, a divorce may be granted on the application of either party on the ground, *if such be established,* that no reconciliation has been effected *and* that *the living together of the parties is insupportable; * * *.*" (Emphasis added.) This section ultimately became section 12242, Revised Laws of Hawaii 1945. The remaining sections of part 4 of chapter 297 of Revised Laws of Hawaii 1945 were not a part of the original bill

first passed by the house.

After a conference, the legislature, in the special session of 1941, added to the original bill a provision for the effect of *separation decrees* rendered prior to November 5, 1941 (the effective date of the Act). This added section was not (in the form as passed by the legislature) a new section but became section 12244 of the Revised Laws of Hawaii 1945. The bill as so amended went to the governor and then a request was made upon the governor for the return thereof for further corrections. Upon being returned to the house, two more sections were added to the bill.

The first of such additional sections inserted a new section known as section 4490 of the Revised Laws of *1935*, and provided, in substance, that "Where the parties have lived separate and apart for a term of two years or more *under a bill in equity for separate maintenance*, a divorce may be granted on the application of either party on the ground, if such be established, that no reconciliation has been effected and that the living together of the parties is insupportable; provided, however, that where a decree in equity was decreed upon a showing by the wife that the husband was at fault, the circuit judge sitting in divorce may, in his discretion, even if the divorce proceedings be brought by the husband, decree the payment to the wife of alimony." (Emphasis added.) The legislature also added to the bill, while it was returned, section 6 thereof, which again is not in the form of a new section but which provides that: *"Where a decree in equity for separate maintenance* heretofore rendered [that is, before November 5, 1941] shall have been in force and effect for the period of not less than four years, a divorce may be granted on the application of either party on the ground, if such be established, that no reconciliation has been effected *and* that the living together of the parties is insupportable; * * *." (Emphasis

added.) The further provision concerns alimony to the wife where the equity proceedings had been based on the fault of the husband. This section 6 of Act 93 of the special session of 1941 became section 12245 of the Revised Laws of Hawaii 1945.

This recitation of the history of the sections in question, inclusive of the title to the Act itself, indicates that the legislature of the Territory of Hawaii was engaged simply in modifying procedure in Hawaii, so that perpetual decrees of separation from bed and board or perpetual decrees of separate maintenance in the courts of equity in Hawaii should be eliminated, that they should be restricted to a period of two years. Nowhere in the bill itself, nor in the legislative reports thereon, is there any indication that the legislature had in mind in any way whatsoever the possibility that persons would subsequently make their residence in the Territory who, before coming to the Territory, were subject to court orders given in other jurisdictions. But an order by the probate court of Massachusetts under the statutes of that state neither is grounded on a "bill in equity" nor is it a "decree in equity" as specified in the statutes of Hawaii which are in question. (See cases cited in marginal notes 3 to 8, *supra*.)

Prior to these 1941 amendments of Hawaiian statutes there had been no grounds for divorce in Hawaii available to a spouse who was the real offending party. Nor could a wife, who was herself at fault, secure alimony where the husband secured the divorce.[9] In the 1941 statute a new right was created in Hawaii affecting procedure in territorial courts and, for the first time, establishing a right which even an offending spouse might make use of by mere lapse of time, coupled with the burden to establish not only that a reconciliation had not been effected but

---

[9] See Andrews v. Whitney, 21 Haw. 264, 267.

also that the living together of the parties is insupportable.

It is a general rule of construction that "legislation is presumptively territorial and confined to limits over which the law-making power has jurisdiction."[10] Not only is there nothing in the language of the original Act of 1941 or in the history of its passage through the legislature to indicate that the legislature had in mind decrees issuing in foreign jurisdictions, but the language of the Act expressly specifies the kinds of decrees current in local procedure. The divorce court in Hawaii since 1859 had been authorized to adjudicate decrees of separation from bed and board. And the courts of equity in Hawaii had, since the case of *Dole* v. *Gear,* 14 Haw. 554, decided in 1903, exercised jurisdiction to enter decrees in equity for separate maintenance, independent of suits for divorce on separation from bed and board. The Act of 1941 picks up the precise language applicable to this exercise of jurisdiction in Hawaii, the one under statute and the other under decision of the court in equity, and proceeds to reform the procedure as to the time and the use and effect which may be made of such procedural decrees of the territorial courts in the future. There is nothing to indicate that the legislature intended to draw into the scope of the Act decrees or orders in other jurisdictions affecting the marriage status or obligations of persons who thereafter might become, either or both, residents of Hawaii.

The provisions of part IV of chapter 297, Revised Laws of Hawaii 1945, are hereby construed to be limited to rights which may be existing or acquired under decrees rendered in the respective courts of Hawaii.

It is not for this court to indulge in judicial legislation by adding to section 12242 language to the effect that

---

[10] Sandberg v. McDonald, 248 U. S. 185, 195; American Banana Co. v. United Fruit Co., 213 U. S. 347, 357; 59 C. J. p. 1010, n. 30.

where the term of separation from bed and board, fixed by decree "rendered in any form in any jurisdiction" shall have expired, a divorce may be granted, etc. Or to add to section 12243 by judicial legislation that, where the parties have lived separate and apart for a term of two years or more under a bill in equity "or other proceeding" for separate maintenance "filed in any jurisdiction," a divorce may be granted. Or to add to section 12244 language which will produce the effect that where a decree for separation from bed and board rendered "in any form in any jurisdiction" prior to November 5, 1941, shall have been in force and effect for a period of not less than four years, a divorce may be granted. Or to add, in section 12245, language which will produce the effect that, where a decree in equity "or any like order" for separate maintenance rendered "in any jurisdiction" prior to November 5, 1941, shall have been in force and effect for the period of not less than four years, a divorce may be granted. If any gap in remedy to classes of citizens coming to reside in the Territory of Hawaii exists, it is a gap as to which the legislature has not spoken.

In other words, to give the effect reached in the court below, one would not only have to amend the pleadings by implication but amend the statute by judicial legislation and, in addition, supply by imagination evidence wholly lacking in the court below that "the living together of the parties is insupportable."

In view of the foregoing construction of part IV of said chapter 297, it is unnecessary to discuss the specified error that the trial judge erred in denying transportation expense on motion of the wife to enable her to be present in Hawaii at the trial. Her affidavit claimed that no fault of hers existed toward reconciliation or toward making living together insupportable. This aptly indicated the character of defense in the divorce action which she was

prepared to make. But in view of the reasons heretofore stated for the nonapplicability of the statutes in Hawaii to the ground of divorce claimed in the instant case, it is unnecessary to say more.

Nor is it necessary to deal with the theories of conflict of law discussed in the briefs. The matters for construction here revolved wholly around the local statutes. The construction of the Massachusetts statutes given by the courts of that state is accepted by this court with reference to those statutes.

For the reasons given, the decree below cannot be sustained and the case is hereby remanded with instructions to dismiss the bill.

*J. D. Flint* (*Flint & Kobayashi* on the briefs) for libellee-appellant.

*C. A. Gregory* (*Smith, Wild, Beebe & Cades* with him on the brief) for libellant-appellee.