BERNICE TYLER TURGEON *vs.* WILFRED EUGENE TURGEON
(and a companion case[1]).

Hampden. September 18, 1952. — October 31, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Husband and Wife,* Separate support, Desertion. *Res Judicata.*

A decree dismissing a divorce proceeding brought by a wife in which certain incidents of alleged cruel and abusive treatment by her husband were tried out did not, in a proceeding subsequently brought by her in a Probate Court under G. L. (Ter. Ed.) c. 209, § 32, as amended, preclude the entry of a decree granting her separate support

---

[1] The companion case is a petition in the Probate Court by the husband against the wife, hereinafter described.

based on the same incidents and on an act of cruelty by her husband occurring after the earlier decree.

A petition brought by a husband in a Probate Court for a decree establishing that his wife had deserted him was properly dismissed upon a finding of cruel and abusive treatment of the wife by the husband which constituted justifiable cause for her to live apart from him.

PETITIONS filed in the Probate Court for the county of Hampden on January 18, 1950, and January 30, 1950, respectively.

The cases were heard by *Macaulay,* J.

*Frank J. McKay,* (*Frank J. McKay, Jr.,* with him,) for Wilfred Eugene Turgeon.

*Morris Michelson,* (*M. Arthur Gordon* with him,) for Bernice Tyler Turgeon.

LUMMUS, J. The parties, the woman a widow and the man a widower, were married in Vermont on October 11, 1930. They lived in this Commonwealth until 1943, when they become estranged and began to occupy different sleeping rooms. They separated finally on July 27, 1945.

On January 18, 1950, the wife brought this petition in the Probate Court, alleging desertion in 1945, failure to support her since July 27, 1945, and cruel and abusive treatment at various times beginning in 1943 and ending July 27, 1945. On November 10, 1950, the Probate Court entered a decree that the wife for justifiable cause was actually living apart from her husband and that he pay to her for her support $1,806 forthwith and $43 a week until the further order of the court. On November 16, 1950, the husband appealed to this court. Upon the request of the husband, the judge filed a report of material facts. The judge found that the husband had been guilty of cruel and abusive treatment on numerous occasions.

The husband alleged that a libel for divorce brought against him for cruel and abusive treatment on January 26, 1945, in which all the same incidents of cruel and abusive treatment alleged in this petition for separate support were tried out, except that of July 27, 1945, was dismissed on July 26, 1945. That decree of dismissal, the husband con-

tends, was an adjudication that there was no cruel and abusive treatment warranting a decree for separate support. The dismissal of the libel for divorce could not have adjudicated that the alleged cruelty of July 27, 1945, did not take place, for that alleged cruelty was subsequent to the decree of dismissal, and of itself was a sufficient foundation for the decree for separate support. Besides, cruel and abusive treatment which is not sufficient as a cause for divorce may support a decree for separate support. *Lyster* v. *Lyster*, 111 Mass. 327. *Turner* v. *Turner*, 234 Mass. 37, 40. *Murray* v. *Murray*, 255 Mass. 19, 21. *Burke* v. *Burke*, 270 Mass. 449, 454. *Bradford* v. *Bradford*, 296 Mass. 187, 189–190. *Cochrane* v. *Cochrane*, 303 Mass. 467, 470, 472. For these reasons there was no adjudication precluding the Probate Court from entering the decree for separate support.

On January 30, 1950, the husband brought in the Probate Court a petition for a decree establishing that the wife had deserted him and that he was living apart from her for justifiable cause. On November 10, 1950, that petition was dismissed, and the husband appealed. The acts of cruel and abusive treatment on the part of the husband which the judge found, justified the wife in not living with him, and negatived the desertion which the husband alleged.

In a bill in equity filed in the Superior Court, the wife claimed ownership of the Holyoke Beef Company, in which the husband was engaged. In that case the husband denied that she owned anything. The judge stated that he had read the papers in that case, and allowed the wife to show by the bookkeeper of that company that its income for 1949 was between $5,000 and $6,000, of which the husband drew $75 a week. No exception was taken to the examination of the papers in that case by the judge. The judge did not pass upon the question of the ownership of the beef company. The husband does not argue that there was any error in the admission of the evidence that was admitted.

In each case the entry will be

*Decree affirmed.*