MARY ALICE CHIVVIS

vs.

ALMOND B. CHIVVIS

Cumberland. Opinion, October 18, 1962.

Sidney W. Wernick,

John J. Flaherty, for the Appellant.

Peter G. Hastings, for the Appellee.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

SIDDALL, J. On Report. This proceeding was brought under the provisions of R. S., 1954, Chap. 166, Sec. 45, the pertinent parts of which read as follows:

> "If a wife, without just cause, deserts her husband, or if he is living apart from her for just cause, and if such desertion or living apart has continued for the period set out in section 44, the probate court may upon petition of the husband . . . enter a decree that such husband is so deserted or is so living apart, and such husband may thereafter convey his real property in the same manner as if he were sole, and no portion of his estate shall descend to his said wife at his decease, neither shall she be entitled to receive any distributive share thereof or to waive any will made by him in her favor."

A petition was brought by the husband Almond B. Chivvis, hereafter called the appellee, alleging that he had been actually living apart from his wife Mary Alice Chivvis, hereafter called the appellant, for just cause for a period of at least one year prior to the date of the petition, April 8, 1961. The appellee asked the court to decree that he had been living apart from the appellant for just cause.

The decree of the Probate Court was "that Almond B. Chivvis is living apart from his wife Mary Alice Chivvis for just cause, and that said living apart has continued for a period of at least one year next prior to the filing of said petition."

The parties entered into the following stipulation:

> "The authenticated copy of the judgment entered September 20, 1954 at a special term of the Supreme Court held in and for the County of Suffolk at the Court House at Riverhead, New York on the fifteenth day of September, 1965, the same being identified herein as Exhibit A and being annexed

hereto, incorporated herein as a part hereof shall be considered as a part of the evidence.

Since the entry of said judgment as described aforesaid, the said Mary Alice Chivvis and the said Almond B. Chivvis have in fact been living apart continuously from said date to the date of this stipulation."

The appellant was awarded a judgment of separation from the appellee by the Superior Court, Suffolk County, New York. The judgment was entered September 20, 1954, and the court ordered, adjudged and decreed "that the plaintiff Mary Alice Chivvis, be, and she hereby is separated from the defendant, Almond B. Chivvis, and from his bed and board forever, as prayed for in the complaint, upon the ground of abandonment of the said plaintiff by the defendant . . . " The court thereupon ordered alimony to the appellant, and a property settlement of certain properties of the parties embodied in a stipulation annexed thereto but not included in the record.

The appellee claims that in view of the fact that the court in New York made an order of division of all of the properties of the parties that it would now be inequitable to give the appellant additional rights in appellee's property. He also contends that the order of judicial separation supersedes the state of abandonment which existed prior to the judgment, and that a new relationship was thereby created which gave the parties the right to live apart under the sanction of law without the obligation on the part of either spouse to make his abode with the other.

The New York decree, not being a decree of absolute divorce but merely a divorce *a mensa et thoro,* commonly known as a divorce from bed and board, did not dissolve the marriage between the parties. Since a marriage is not terminated by a divorce *a mensa et thoro,* inchoate dower will not thereby be barred in the absence of an express statute to the contrary. See American Law of Property,

Sec. 5136 and cases cited. See also *Cole* v. *Blankenship*, 30 Federal Reporter (2nd) 211, *Adair* v. *Adair* (Ala.), 62 S. (2nd) 437, 444; Re *Bennett's Estate*, 34 N. Y. S. (2nd) 27; Thompson on Real Property, Sec. 841; 17A Am. Jur. Dower, Sec. 116; 28 C. J. S. Dower, Sec. 53. Similarly, dower will not be barred by an interlocutory decree of divorce which has not become final. *Rollins* v. *Gould*, 244 Mass. 270, 138 N. E. 185. The same principle applies to statutory rights of inheritance in lieu of dower.

In this state we have no statutory provision whereby rights of inheritance of one spouse in the property of the other are barred by a divorce *a mensa et thoro*.

R. S., 1954, Chap. 166, Sec. 35 provides that:

"A married person . . . may own in his own right real and personal property . . . and may manage, sell, mortgage, convey, and devise the same by will without the joinder or assent of husband or wife; but such conveyance without the joinder or assent of the husband or wife shall not bar his or her right and interest by descent in the estate so conveyed." R. S., 1954, Chap. 166, Sec. 35.

R. S., 1954, Chap. 166, Sec. 44 makes provision for a judicial separation by a wife against her husband. Sec. 45 contemplates proceedings brought by a husband against a wife for the purpose of obtaining a decree authorizing him to convey his real estate as if sole. If his petition be granted, he may convey his real estate without the joinder of his wife and no portion of his estate shall descend to his wife. Sec. 46 contemplates similar proceedings brought by the wife, and a favorable decree has the same effect as to her property and estate.

These provisions were originally enacted together as a part of the same act in 1915. P. L., 1915, Chap. 328. Each of these sections contain the words "for just cause." Their meaning is exactly the same in all of the sections. In a

proceeding under any of these sections the petitioner must prove that he is living apart from his spouse for just cause, and that such living apart has continued for at least one year next prior to the filing of the petition.

Our court has not passed upon the meaning of the words "for just cause" as used in Sec. 45. However, *Albee's Case*, 128 Me. 127 was a petition brought under the Workmen's Compensation Act by a widow of a deceased employee claiming that she was his dependent. The act provided that a wife shall be considered to be wholly dependent for support upon her husband from whom she was living apart for justifiable cause. On page 129 of this case the court said:

> "Justifiable cause which will excuse a wife for living apart from her husband ordinarily involves, on the part of the husband with respect to the wife and to her knowledge, conduct inconsistent with the marital relation; not necessarily misconduct or ill treatment of such a character as might entitle her to a divorce from the bonds of matrimony, but such, for instance, as could be made, without turning on the same length of time, the foundation for a judicial separation. See R. S., Chap. 66, Sec. 10. *A wife does not live apart from her husband for justifiable cause, if he is not recreant to marital duty.* Newman's Case, 222 Mass., 563." (Emphasis supplied.)

*Newman's Case,* reported in 222 Mass, 563, cited in the above opinion, was brought under a similar provision in the Workmen's Compensation Act of Massachusetts. The court there said on page 566: "Where a woman lives apart from her husband, and it is contended that such separation is for justifiable cause, ordinarily it must appear that such living apart is due to some failure of duty or misconduct on the part of the husband." It is not necessary that the cause be sufficient to entitle her to a divorce. *Newman's Case, supra.*

On a petition for separate maintenance the court in *Goldberg* v. *Goldberg*, 237 Mass. 279; 129 N. E. 392, said:

> "A wife is not justified in living apart from her husband and claiming separate support from him when the husband is without blame and the separation is not the result of ill treatment, misconduct, or failure of marital duty on his part."

In this case the only evidence before us is a copy of the judgment and a stipulation that the parties have lived apart since its date. The appellee must prove that the separation from the appellant was for a just cause. In order to do this he must affirmatively show some failure of marital duty, or some misconduct on the part of the appellant, not necessarily, however, such as to present a ground for divorce. This case is devoid of evidence of that nature.

The appellee, however, claims that the New York decree gave the parties the right to live apart under sanction of the law, and that, therefore, the appellee was living apart from the appellant for just cause. We must disagree with the appellee's theory in this respect. We fail to perceive how an adjudication that the appellee has abandoned the appellant can be turned to the benefit of the appellee and result in a justification for his subsequent living apart from the appellant. The appellee was the guilty party causing the separation in the first instance. The fact that the appellant obtained a separation decree from the appellee in no way purges his guilt and makes him an innocent party. The decree cannot be considered as giving the appellee just cause for living apart from the appellant.

This proceeding is brought under the provisions of R. S., 1954, Chap. 166, Sec. 45. The appellee has not offered any evidence to justify relief under this legislation. The New York decree cannot, in and of itself, form the basis of a finding that the separation since its date was for just cause, and the case contains no proof of improper conduct on the part

of the appellant. If any equitable considerations exist favorable to the appellee, the record does not disclose them.

The case is reported to the court for such final decision as the rights of the parties require.

The entry will be

*Appeal sustained.*
*Petition dismissed.*